UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE J. NEWTON, CDCR #BF-2949,<br><br>                              Plaintiff,<br><br>vs.<br><br>S. EATMON, Correctional Officer,<br><br>                              Defendant. | Case No.: 3:21-cv-00015-LAB-KSC<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS UPON DEFENDANT EATMON PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

Plaintiff Theodore J. Newton, a prisoner at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a new civil rights action pursuant to 42 U.S.C. § 1983.[1] (*See* Compl., ECF No. 1.) Newton claims RJD Correctional

---

[1] Newton filed a new Complaint after the Ninth Circuit affirmed this Court's December 5, 2019 Order and judgment dismissing his claims against Officer Eatmon without prejudice based on his failure to exhaust available administrative remedies prior to filing suit in *Newton v. Eatmon, et al.*, S.D. Cal. Civil Case No. 3:19-cv-00511-LAB-KSC. *See id.,* ECF Nos. 34, 35; *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir.

Officer S. Eatmon used excessive force against him on August 27, 2018 during a medical appointment, and later harassed, threatened, and assaulted him because he filed a CDCR 602 inmate appeal reporting the incident. *Id.* at 3. Newton claims he is a senior citizen and an "ADA prisoner with one eye and several more medical issues," and contends Eatmon assaulted him "for no apparent reason." *Id.* at 4.

Newton did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed n Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I.  Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th

---

2007) (the court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (citation omitted). In response to Newton's motion for clarification on appeal, the Ninth Circuit advised that he "may refile his complaint in district court." *See Newton v. Eatmon, et al.,* Appeal No. 19-56478 (9th Cir. Dec. 28, 2020) (ECF No. 44). Newton timely re-submitted his Complaint to the Clerk of this Court on January 6, 2021, together with a new Motion to Proceed In Forma Pauperis—but the new case was randomly assigned to U.S. District Judge William Q. Hayes and U.S. Magistrate Judge Barbara L. Major. It has since been transferred to this Court and U.S. Magistrate Judge Karen S. Crawford as related to *Newton v. Eatmon, et al.*, S.D. Cal. Civil Case No. 3:19-cv-00511-LAB-KSC pursuant to the Court's "Low-Number" Rule. *See* ECF No. 4; S.D. Cal. CivLR 40.1.

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Newton has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at RJD. (*See* ECF No. 3 at 1-3); 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Newton has carried an average monthly balance of $1.67, but had no monthly deposits to his account over the 6-month period immediately preceding the filing of his Complaint, and only a $.05 available balance on the books at the time of filing. (*See* ECF No. 3 at 1, 3.)

Based on this accounting, the Court **GRANTS** Newton's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $.33 pursuant to 28 U.S.C. § 1915(b)(1).[3] However, this initial fee need be collected only if sufficient funds are

---

[3] Because Newton has previously filed related Civil Case No. 3:19-cv-00511-LAB-KSC, as well as an appeal in that case to the Ninth Circuit, *see* Appeal No. 19-56478, he will be required to pay three full and separate filing fees which will be collected simultaneously, depending on the income credited to his account. *See Bruce*, 577 U.S. at 85, 89–90 ("Just as § 1915(b)(1) calls for assessment of '*an* initial partial

available in Newton's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of Newton and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.   Standard of Review

Because Newton is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir.

---

filing fee' each time a prisoner 'brings *a* civil action or files *an* appeal' (emphasis added), so its allied provision, § 1915(b)(2), triggered immediately after, calls for 'monthly payments of 20 percent of the preceding month's income' simultaneously for each action pursued.").

2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Factual Allegations

Newton is an "ADA prisoner with one eye & several more medical issues." (*See* Compl., ECF No. 1 at 3.) Upon arrival at RJD on August 27, 2018, he was escorted to his "first physical examination" in the prison's medical facility by Correctional Officer S. Eatmon, who "informed his Sergeant that he and [Newton] were going to have problems." *Id.* Once inside the medical office, Newton claims Eatmon pushed him while he was seated in a chair with enough force to almost knock him to the floor twice, leaned against him with his full weight, and after seeing that Newton "would not fight him back," "pull[ed] out a handful of [his] beard and dared [him] to say anything about his force and violence." *Id.*

Newton further claims Eatmon later "harassed [him] because of [his CDR] 602" on September 27, 2018, and "assaulted" him again on October 3 and 4, 2018, "telling [him] he was going to knock out [his] only eye." *Id.*

C.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*,

263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Force and Retaliation Claims

The allegations in Newton's Complaint involving Correctional Officer S. Eatmon are pleaded with enough factual sufficiency to survive the "low threshold" set for sua sponte screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Therefore, the Court will order the U.S. Marshal to effect service upon Defendant S. Eatmon on Newton's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").[4]

---

[4] Newton is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Newton's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Newton's trust account the $.33 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Newton's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DIRECTS** the Clerk to issue a summons as to Newton's Complaint (ECF No. 1) upon Defendant S. Eatmon, and forward it to Newton along with a blank U.S. Marshal Form 285. In addition, the Clerk will provide Newton with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve Eatmon. Upon receipt of this "IFP Package," Newton must complete the USM Form 285 as completely and accurately as possible, include an address where Eatmon may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return it to the U.S. Marshal according to the instructions the Clerk provides.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant Eatmon upon receipt and as directed by Newton on the completed USM Form 285, <u>and to promptly file proof of service, or proof of any attempt at service unable to be executed, with the Clerk of Court</u>. *See* S.D. Cal. CivLR 5.2. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. **ORDERS** Eatmon, once served, to reply to Newton's Complaint within the

time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

7. **ORDERS** Newton, after service has been effected by the U.S. Marshal, to serve upon Eatmon, or if appearance has been entered by counsel, upon Eatmon's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Newton must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Eatmon or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of service upon Eatmon, or his counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: April 7, 2021

Hon. Larry A. Burns
United States District Judge