UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE J. NEWTON,<br><br>                    Plaintiff,<br><br>v.<br><br>OFFICER S. EATMON,<br><br>                    Defendant. | Case No.: 21cv15-LAB(KSC)<br><br>**ORDER RE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 8];**<br><br>**ORDER RE PLAINTIFF'S MOTION FOR CLARIFICATION [Doc. No. 11.]** |

Plaintiff Theodore J. Newton, a prisoner who is housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding *pro se* in this civil rights action pursuant to Section 42, United States Code, Section 1983. Before the Court is plaintiff's Motion for Appointment of Counsel. [Doc. No. 8.] In this Motion, plaintiff requests that the Court appoint an attorney to help him prosecute this civil action, because he does not "understand much about the law." [Doc. No. 8, at p. 1.] Also before the Court is plaintiff's Motion for Clarification, which seeks information about the defendant's deadline for responding to the Complaint. [Doc. No. 11.]

### ***Background***

In his Complaint, plaintiff claims RJD Correctional Officer S. Eatmon used excessive force against him on August 27, 2018 during a medical appointment and later harassed, threatened, and assaulted him because he filed a CDCR 602 inmate appeal

1

reporting the incident.  Newton claims he is a senior citizen and an "ADA prisoner with one eye and several more medical issues," and he contends Eatmon assaulted him "for no apparent reason."  [Doc. No. 1, at pp. 3-4.]

### ***Discussion***

### I. ***Plaintiff's Motion for Appointment of Counsel.***

In his Motion, plaintiff requests that the Court appoint counsel in this case, because he does not "understand much about the law."  [Doc. No. 8, at p. 1.]  Without appointment of counsel, plaintiff believes he will not be able to "obtain the truth in this matter."  [Doc. No. 8, at p. 1.]

An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation."  *Lassiter v. Department of Social Services of Durham County, N. C.*, 452 U.S. 18, 25 (1981).  District Courts generally lack authority to require counsel to represent indigent prisoners in Section 1983 cases.  *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989).  However, in certain "exceptional circumstances," the Court may request the voluntary assistance of counsel.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Terrell*, 935 F.2d at 1017 (internal citations omitted).  "Neither of these factors is dispositive and both must be viewed together before reaching a decision."  *Id.* (internal citation omitted).

Based on the information presented, there is no basis to support a finding of exceptional circumstances in this case.  First, the record is not sufficiently developed so that the Court can determine the likelihood of success on the merits.

Second, a lack of legal training, standing alone, is not enough to show exceptional circumstances.  This and other hardships imposed by plaintiff's incarceration "are difficulties which any litigant would have in proceeding *pro se*; they do not indicate exceptional factors."  *Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990).

Third, there is nothing from which the Court could conclude plaintiff lacks the ability to articulate and prosecute his claims *pro se* even though he lacks legal training. The allegations in the Complaint are clearly stated and they survived initial screening. [Doc. No. 1, at pp. 1-7; Doc. No. 5, at pp. 4-7.]  Thus far, plaintiff has shown an ability to effectively articulate his claims and communicate with the Court in this action.

Fourth, the allegations in the Complaint are not novel or complex.  Plaintiff essentially alleges that Officer Eatmon was deliberately indifferent to his health and safety, used excessive force, and retaliated against him for filing a grievance.  [Doc. No. 1, at pp. 1-7.]

Finally, *pro se* litigants are afforded some leniency to compensate for their lack of legal training.  "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also applies to motions.  *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Accordingly, plaintiff's *pro se* status will be taken into consideration by the Court when his filings are reviewed.

## II.   *Plaintiff's Motion for Clarification.*

In his Motion for Clarification, plaintiff seeks information about the defendant's deadline for responding to the Complaint, because he believes defendant Eatmon should have filed a response by May 10, 2021 and may be in default.  [Doc. No. 11, at p. 1.]  The Court's official record indicates that a summons was issued on April 7, 2021.  [Doc. No. 6.]  The Court's official record also indicates that the summons was mailed to RJD by the U.S. Marshal on April 27, 2021.  [Doc. No. 9, at p. 1.]  The Office of the Attorney General then executed a waiver of service of the summons on May 27, 2021.  [Doc. No. 9, at p. 2.]  The waiver states that defendant must file a response "within 60 days after April 27, 2021."  [Doc. No. 9, at p. 2.]  Therefore, the time for the defendant to file a response has not yet expired.

/ / /

1

### *<u>Conclusion</u>*

2        Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's Motion for

3   Appointment of Counsel is DENIED without prejudice.  [Doc. No. 8.]  Plaintiff's Motion

4   for Clarification is GRANTED as the Court provided plaintiff with the information he

5   requested.  [Doc. No. 11.]

6        IT IS SO ORDERED.

7   Dated:  June 11, 2021

8

9                                                          Hon. Karen S. Crawford
                                                              United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21cv15-LAB(KSC)