UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| THEODORE J. NEWTON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER S. EATMON,<br><br>Defendant. | Case No.:  21cv15-LAB(KSC)<br><br>**REPORT AND RECOMMENDA-TION RE DEFENDANT'S MOTION TO DISMISS [Doc. No. 16]** |
|---|---|

Plaintiff Theodore J. Newton is proceeding *pro se* and *in forma pauperis* (IFP) [Doc. No. 5] in this civil rights action pursuant to Title 42, United State Code, Section 1983, alleging that his rights under the Eighth Amendment were violated when defendant S. Eatmon assaulted and used excessive force against him on multiple occasions while he was housed at the Richard J. Donovan Correctional Facility ("RJD").  [Doc. No. 1, at pp. 3-4.]  Plaintiff also alleges that his rights under the First Amendment were violated when defendant S. Eatmon retaliated against him for filing a prison grievance.  [Doc. No. 1, at p. 3.]

Before the Court is a Federal Rule 12(b)(6) Motion to Dismiss filed by defendant S. Eatmon arguing that the Court should partially dismiss the Complaint, because it includes damages claims against him in his official capacity, which violates the Eleventh Amendment.  [Doc. No. 16, at pp. 1-2, 3-4.]  Also before the Court are plaintiff's Opposition to the Motion to Dismiss [Doc. No. 18] and defendant's Reply [Doc. No. 19].

In addition, plaintiff submitted a First Amended Complaint [Doc. No. 20], which was filed in the Court's docket on September 16, 2021.[1] [Doc. No. 20.]

For the reasons outlined more fully below, IT IS RECOMMENDED that the District Court DENY defendant's Motion to Dismiss as MOOT based on plaintiff's filing of the First Amended Complaint. [Doc. Nos. 16, 20.]

## *Background*

In a prior action involving the same or similar claims, the District Court granted summary judgment to defendant Eatmon, because plaintiff failed to exhaust his administrative remedies before filing suit. *Newton v. Eatmon*, Case No. 3:19cv511-LAB(KSC) (Dec. 5, 2019). Plaintiff then filed the original Complaint in this action on January 5, 2021, and the claims alleged therein survived the "low threshold" set for initial *sua sponte* screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). [Doc. No. 5, at pp. 6-8.]

The original Complaint in this action alleges plaintiff is an "ADA prisoner with one eye & several more medical issues." [Doc. No. 1, at p. 3.] Upon arrival at RJD on or about August 27, 2018, plaintiff alleges he was escorted to his "first physical Examination" in the prison's medical facility by defendant/Correctional Officer S. Eatmon, who "informed his Sergeant that he and [plaintiff] were going to have problems." [Doc. No. 1, at p. 3.] Once inside the medical office, plaintiff claims defendant Eatmon pushed him while he was seated in a chair with enough force to almost knock him to the floor twice, leaned against him with his full weight, and after seeing that plaintiff "would not fight him back," "pull[ed] out a handful of [his] beard and dared [him] to say anything about his force and violence." [Doc. No. 1, at p. 3.] The

---

[1] Additionally, plaintiff's submission of his First Amended Complaint prompted defendant to file a Request for Screening. [Doc. No. 21.] However, this Court will address defendant's Request for Screening in a separate order.

Complaint further alleges that defendant Eatmon later "harassed [plaintiff] because of [his CDR] 602" on September 27, 2018, and assaulted" him again on October 3 and 4, 2018, "telling [plaintiff] he was going to knock out [his] only eye." [Doc. No. 1, at p. 3.]

## *Discussion*

### I. *Motion to Dismiss Standards.*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys.*, *LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (*quoting Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Particularly in civil rights cases, courts have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

### II. *Eleventh Amendment Immunity.*

In his Motion to Dismiss, defendant Eatmon seeks dismissal of plaintiff's claims against him seeking money damages to the extent they are based on acts taken in his official capacity, because he is immune from suit in his official role for money damages under the Eleventh Amendment. [Doc. No. 16, at p. 3.] In his Opposition, plaintiff argues that the Court should not dismiss his claims against defendant for money damages, / / /

because defendants in other cases have been found liable based on similar allegations of excessive force and retaliation. [Doc. No. 18, at pp. 1-2.]

As defendants contend, the Eleventh Amendment bars claims for money damages against a state official in his official capacity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68-71 (1989). In *Will v. Michigan*, the United States Supreme Court stated as follows: "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." *Id.* at 66. In this regard, the Supreme Court in *Will v. Michigan* explained that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" which "is no different from a suit against the State itself" and "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. By contrast, the Eleventh Amendment does not bar individual capacity suits against state prison officials under Section 1983. *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1990).

In this case, there is nothing to indicate the State of California has waived immunity. The Eleventh Amendment therefore precludes plaintiff, as a state prisoner in California, from recovering money damages under Section 1983 against defendant Eatmon, a prison official in California, for claims against him in his official capacity. *See, e.g., Brown v. Oregon Dep't of Corrections*, 751 F.3d 983, 989 (9th Cir. 2014).

Plaintiff's original form Complaint includes a section entitled "Defendants," and this section contains boxes that can be checked to indicate whether each named defendant is being sued in his individual or official capacity or both. On his original form Complaint, plaintiff checked the box to indicate he intends to sue defendant Eatmon only in his official capacity. [Doc. No. 1, at p. 2.] In the section of his form Complaint entitled "Request for Relief," plaintiff seeks an injunction to keep defendant Eatmon away from him and $10,000 in monetary damages for mental stress, anguish, pain, and suffering, plus $5,000 in punitive damages. [Doc. No. 1, at p. 7.] Therefore, defendant

Eatmon's Motion correctly seeks dismissal of the claims against him in his official capacity in the original Complaint seeking monetary relief.  In the original Complaint, plaintiff only sued defendant Eatmon in his official capacity, so his claims for monetary relief are barred by the Eleventh Amendment.  However, as noted above, plaintiff filed a First Amended Complaint while defendant Eatmon's Motion to Dismiss was pending.  [Doc. No. 20.]

When an amended complaint is timely filed under Federal Rule 15(a)(1)(B) within "21 days after service of a motion under Rule 12(b)," the amended complaint "supersedes the original, the latter being treated thereafter as non-existent. [Citation omitted.]" *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Under these circumstances, a defendant's motion to dismiss, is to be "deemed moot" by the District Court, because it targets the prior complaint that effectively no longer exists.  *Id.*

Here, defendant Eatmon filed the instant Motion to Dismiss on August 18, 2021.  [Doc. No. 16.]  Plaintiff did not file the First Amended Complaint until some 29 days thereafter on September 16, 2021, which is beyond the 21-day time limit in Federal Rule 15(a)(1)(B).  [Doc. No. 20.]  However, it is this Court's view that the filing of plaintiff's First Amended Complaint was timely, because a briefing Order was issued which did not require plaintiff to respond to defendant's Motion to Dismiss until September 17, 2021.  [Doc. No. 17.]  In his First Amended Complaint, plaintiff addressed the issue raised in defendant's Motion to Dismiss.  The First Amended Complaint clearly states that defendant Eatmon "is being sued in his individual capacity."[2]  [Doc. No. 20, at p. 3.]

---

[2]  Defendant Eatmon's view is that the Court should not only grant his Motion to Dismiss but should also dismiss the First Amended Complaint, because the First Amended Complaint names him in both his official and personal capacities and does not limit the claims for monetary relief to individual capacity claims.  [Doc. No. 21, at p. 2.]  However, it is this Court's view that these matters are not properly before the Court, because they were raised in a "Request for Screening" rather than in a noticed motion to dismiss under Federal Rule 12(b).  As noted above, the Request for Screening is being addressed in a separate Order.

### *Conclusion*

The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Judge assigned to this case pursuant to Title 28, United States Code, Section 636(b)(1). For the reasons outlined above, IT IS RECOMMENDED that the District Court issue an order deeming defendant's Motion to Dismiss [Doc. No. 16] to be MOOT based on plaintiff's filing of a First Amended Complaint [Doc. No. 20]. IT IS ALSO RECOMMENDED that defendant Eatmon be directed to answer or otherwise respond to the First Amended Complaint within thirty (30) days of the date this recommendation is adopted.

IT IS HEREBY ORDERED that no later than **November 29, 2021** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **December 6, 2021**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  November 17, 2021

Hon. Karen S. Crawford
United States Magistrate Judge