1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8          SOUTHERN DISTRICT OF CALIFORNIA
9
10  THEODORE J. NEWTON,                    Case No.:  21cv15-LAB(KSC)

11                        Plaintiff,       **ORDER DENYING DEFENDANT'S**
                                           **REQUEST FOR SCREENING**
12  v.

13  OFFICER S. EATMON,                     **[Doc. No. 21.]**

14                        Defendant.

15

16       Plaintiff Theodore J. Newton is proceeding *pro se* and *in forma pauperis* (IFP)

17  [Doc. No. 5] in this civil rights action pursuant to Title 42, United State Code, Section

18  1983, alleging that his rights under the Eighth Amendment were violated when defendant

19  S. Eatmon assaulted and used excessive force against him on multiple occasions.  [Doc.

20  No. 1, at pp. 3-4.]  Plaintiff also alleges that his rights under the First Amendment were

21  violated when defendant S. Eatmon retaliated against him for filing a prison grievance.

22  [Doc. No. 1, at p. 3.]

23       Before the Court is a document filed by defendant Eatmon entitled "Request for

24  Screening."  [Doc. No. 21.]  The "Request for Screening" was filed after plaintiff filed a

25  First Amended Complaint [Doc. No. 20] and while defendant Eatmon's Motion to

26  Partially Dismiss as to the original Complaint [Doc. No. 16] was still pending.  For the

27  reasons outlined more fully below, the Court finds that defendant Eatmon's Request for

28  Screening must be DENIED.  [Doc. No. 21.]

### *Background*

A pre-answer screening of plaintiff's original Complaint was completed by the District Court on April 7, 2021, concluding that the allegations of excessive force and retaliation against defendant Eatmon were "pleaded with enough factual sufficiency to survive the 'low threshold' set for *sua sponte* screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b)."  [Doc. No. 5, at p. 6.]  The District Court's Order therefore directed that plaintiff and the U.S. Marshal take steps to serve defendant Eatmon with a summons and the Complaint.  [Doc. No. 5, at pp. 7-8.]  On May 27, 2021, a waiver of service form was executed on defendant Eatmon's behalf [Doc. No. 9], and defendant Eatmon then filed a Motion to Partially Dismiss for failure to state a claim under Federal Rule 12(b)(6).  [Doc. No. 16.]  Based on plaintiff's timely filing of a First Amended Complaint, a Report and Recommendation was recently filed by the undersigned Magistrate Judge, recommending that the District Court find defendant's Motion for Partial Dismissal of the original Complaint to be moot.  [Doc. No. 22.]

### *Discussion*

In his Request for Screening, defendant Eatmon urges the Court to screen the First Amended Complaint pursuant to 28 United States Code, Sections 1915A ("the screening provision"), because he believes it may be subject to dismissal or partial dismissal and screening by the Court would therefore eliminate "unnecessary" motion practice.  [Doc. No. 21, at p. 2.]  If the First Amended Complaint survives the requested screening, defendant Eatmon requests thirty days to file a responsive pleading.  [Doc. No. 21, at p. 2.]  However, there is persuasive authority in the Ninth Circuit concluding it would be contrary to the "plain meaning" and purpose of the screening provision for District Courts to "re-screen" whenever a proposed amended complaint is submitted for filing after service of process and after a defendant's response.  *Olausen v. Murguia*, 3:13cv388-MMD(VPC), 2014 WL 6065622 (D. Nevada 2014).

Title 28, United States Code, Section 1915A ("the screening provision") states as follows:  "(a) The court shall review, ***before docketing, if feasible or, in any event, as***

***soon as practicable after docketing***, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)&(b)(1)&(2) (emphasis added).[1]

Based on the "plain meaning" of the terms "before docketing" or "as soon as practicable after docketing," the District Court in *Olausen* concluded it "could not be any clearer as to the timing of the mandatory screening." *Olausen*, 2014 WL 6065622, at 3. In other words, the screening provision "mandates early judicial screening of prisoner complaints" before an answer is filed. *Id.* To support this conclusion, the District Court in *Olausen* also cited the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199 (2007), which cautions that the "PLRA's screening requirement does not--explicitly or

---

[1] In its analysis, the District Court in *Olausen* also considered two other statutes that apply to prisoner complaints but concluded they did not compel a different result. These other two statutes are:  Title 28, United States Code, Section 1915(e)(2)(B), states in part as follows:  "[T]he court shall dismiss the case at any time if the court determines that-- . . . (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  42 U.S.C.A. § 1997e(c).  Title 42, United States Code, Section 1997e states in part as follows:  (c) Dismissal.  (1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  42 U.S.C.A. § 1997e(c)(1)&(2).  "Just because a court has authority to dismiss the case at any time does not mean it is compelled to re-screen every proposed amended complaint filed after the initial pre-answer screening."  *Olausen*, 2014 WL 6065622, at p. 2.

implicitly--justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself." *Id.* a 214.

The District Court in *Olausen* also looked to the purpose of the screening provision to support its conclusion that federal courts need not screen a prisoner's proposed amended complaint after a defendant appears in the case or after an answer is filed. *Olausen*, 2014 WL 6065622, at 4. First, the District Court in *Olausen* noted that "[t]he PLRA mandated early judicial screening to reduce the burden of prisoner litigation on the courts." *Id.* quoting *Jones v. Bock*, 549 U.S. 199, 223 (2007). Second, the District Court in *Olausen* observed that the intent of Congress in passing the PLRA was to "conserve judicial resources by authorizing district courts to dismiss non-meritorious prisoner complaints at an early stage." *Olausen*, 2014 WL 6065622, at 3, quoting *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). According to the District Court in *Olausen*, "[d]efendants' proposed construction of the [screening provision] would have the opposite effect of increasing the burden on federal courts." *Id.* at 4. The District Court in *Olausen* reasoned that "early mandatory screening may reduce the volume of inmate litigation, [but] mandatory post-answer re-screening does not." *Id.* The plaintiff in *Olausen* could still pursue the two claims that "survived the pre-answer screening," regardless of whether the proposed amended complaint was re-screened and dismissed for some other reason. *Id.*

Here, as in *Olausen*, plaintiff's original Complaint was screened before any response by the defendant, and the allegations of excessive force and retaliation against defendant Eatmon were "pleaded with enough factual sufficiency to survive the 'low threshold' set for *sua sponte* screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b)." [Doc. No. 5, at p. 6.] The First Amended Complaint includes the same two claims that already survived the "pre-answer screening" process. Therefore, even if the Court were to "re-screen" the First Amended Complaint and dismiss it in part for some minor pleading irregularity, there would be no reduction in the volume of inmate litigation or any decrease in the burden on the Court. Plaintiff would still be able to

proceed on his excessive force and retaliation claims regardless of any re-screening. Under these circumstances, the Court finds that defendant's Request for Screening must be DENIED.

### *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that defendant's Request for Screening is DENIED. [Doc. No. 21.] Plaintiff's First Amended Complaint is the operative pleading in this action until and unless the District Court rules otherwise in response to this Court's recently filed Report and Recommendation [Doc. No. 22]. Until and unless the District Court rules otherwise, defendant must file and serve an answer or otherwise respond to plaintiff's First Amended Complaint within thirty (30) days after the District Court issues a determination on or adopts this Court's Report and Recommendation [Doc. No. 22].

IT IS SO ORDERED.

Dated:  November 23, 2021

Hon. Karen S. Crawford
United States Magistrate Judge

21cv15-LAB(KSC)